COMMONWEALTH *vs.* JOHN A. COVIELLO.

Middlesex.    November 7, 1972. – January 2, 1973.

Present: REARDON, HENNESSY, KAPLAN, & WILKINS, JJ.

*Disclosure of Communication.    Practice, Criminal,* Suppression of evidence.

In a prosecution for repeatedly making annoying telephone calls in violation of G. L. c. 269, § 14A, as appearing in St. 1965, c. 521, information as to telephone numbers dialed from the telephone at the defendant's residence and the time of the calls, obtained without a warrant by use of a "pen register" at the office of the telephone company, was disclosed in violation of the first sentence of 47 U. S. C. § 605 (1970) and should have been suppressed on motion of the defendant. [723–728]

COMPLAINT received and sworn to in the District Court of Lowell on July 13, 1971.

Upon appeal and a claim of trial by a jury of six in the District Court of Lowell, a pre-trial motion to suppress was heard by *Luby*, J., and the case was tried before him.

*Mark S. Brodin* (*Alexander Whiteside, II*, with him) for the defendant.

*Terence M. Troyer*, Assistant District Attorney, for the Commonwealth.

WILKINS, J.    The defendant was convicted under G. L. c. 269, § 14A, as appearing in St. 1965, c. 521, of using the telephone repeatedly for the sole purpose of harassing, annoying or molesting one Hanley or his family.    He presents for our consideration his exception to the denial of his pre-trial motion to suppress "records of intercepted communications" which were obtained without a warrant.

At the hearing on the defendant's motion to suppress, it was established that a so called pen register or pen register device had been used by the telephone company to obtain certain information which would be used at trial.    The "pen register device placed marks on a paper recordation tape, which marks corresponded with telephone numbers dialed from the telephone located at the residence of the [d]efendant."    Hanley apparently was suspicious that annoying late-night telephone calls made to his home were coming from the defendant and inquired of the telephone company regarding the monitoring of telephone calls made from the defendant's residence.    Hanley also consulted the police.    A pen register cannot record conversations, but in addition to recording the telephone number dialed from a given telephone, it makes a record of the time at which the number was dialed.    The device used in this case was controlled and monitored at the Malden office of the telephone company, and in order for it to work no special equipment or device had to be placed on the property of the defendant or on any property of the telephone company beyond its Malden office.

The defendant contends that the failure to allow his

motion to suppress was error because the use of the pen register without a warrant (1) violated § 605 of the Federal Communications Act of 1934, as amended by the Omnibus Crime Control and Safe Streets Act of 1968 (47 U. S. C. § 605 [1970]), and (2) denied the defendant due process of law under the Fourteenth Amendment to the United States Constitution as it applies the Fourth Amendment guaranty against unreasonable searches and seizures to the States.[1] Because we conclude that in the circumstances apparent on the record before us the disclosure of the evidence obtained by the pen register would have violated § 605 and, therefore, the disclosure of that evidence should have been suppressed, we do not reach the constitutional question raised by the defendant.[2]

Section 605, the first sentence of which is set out in full in the margin,[3] provides in relevant part as follows: "Except as authorized by chapter 119, Title 18, no person receiving . . . any interstate . . . communication by wire . . . shall divulge or publish the existence, contents, substance, purport, effect, or meaning thereof, except . . .

[1] The defendant does not contend that it was a violation of State law to use a pen register without a warrant. Section 99 of G. L. c. 272, as appearing in St. 1968, c. 738, § 1, expresses the intention that an employee of any communication common carrier may properly without a warrant intercept, disclose or use the contents of a communication where that interception, disclosure or use is necessary to prevent the use of that company's facilities in violation of G. L. c. 269, § 14A (the section under which the defendant was convicted). See G. L. c. 272, § 99, D 1 a ("Exemptions").

[2] The Commonwealth does not object to the consideration under the motion to suppress of asserted violations of § 605, even though that motion by its terms is directed solely to the suppression of records of intercepted communications "made in violation of the defendant's rights under the First, Fourth and Fourteenth Amendments of the United States Constitution."

[3] "Except as authorized by chapter 119, Title 18, no person receiving, assisting in receiving, transmitting, or assisting in transmitting, any interstate or foreign communication by wire or radio shall divulge or publish the existence, contents, substance, purport, effect, or meaning thereof, except through authorized channels of transmission or reception, (1) to any person other than the addressee, his agent, or attorney, (2) to a person employed or authorized to forward such communication to its destination, (3) to proper accounting or distribution officers of the various communicating centers over which the communication may be passed, (4) to the master of a ship under whom he is serving, (5) in response to a subpoena issued by a court of competent jurisdiction, or (6) on demand of other lawful authority."

[in certain situations not applicable here]." It has been held that § 605 prohibits the disclosure of intrastate communications. *Benanti* v. *United States,* 355 U. S. 96, 104. *United States* v. *Caplan,* 255 F. Supp. 805, 807 (E. D. Mich.). Disclosure of the existence of a communication by wire may not be made in State criminal proceedings where that disclosure would violate § 605. *Lee* v. *Florida,* 392 U. S. 378. A pen register by its operation records the "existence" of a communication. See *Huff* v. *Michigan Bell Tel. Co.* 278 F. Supp. 76 (E. D. Mich.). Therefore, a person who discloses the results of the operation of a pen register would violate § 605, unless the clause reading "Except as authorized by chapter 119, Title 18" provides justification for that disclosure or unless the activity falls within the six exceptions set forth in § 605 (none of which is applicable on this record).

The Commonwealth contends that disclosure of the results of the operation of a pen register is authorized by c. 119 of Title 18, as added by Title III of the Omnibus Crime Control and Safe Streets Act of 1968 (82 Stat. 212; 18 U. S. C. §§ 2510–2520 [1970]). The Commonwealth asserts that the 1968 amendment, which added c. 119 and inserted the reference to c. 119 in § 605, makes inapplicable those earlier cases which held that the disclosure, not within any stated exception in § 605, of the results of the operation of a pen register constituted a violation of § 605. *United States* v. *Dote,* 371 F. 2d 176 (7th Cir.). *United States* v. *Caplan,* 255 F. Supp. 805 (E. D. Mich.). See *United States* v. *Covello,* 410 F. 2d 536, 542 (2d Cir.), cert. den. sub nom. *Covello* v. *United States,* 396 U. S. 879; *Huff* v. *Michigan Bell Tel. Co.* 278 F. Supp. 76 (E. D. Mich.). Chapter 119 concerns circumstances under which wire and oral communications may and may not be *intercepted* through the use of any electronic, mechanical or other device. As used in c. 119, "intercept" means "the *aural* acquisition of the contents of any wire or oral communication . . . (emphasis supplied)." 18 U. S. C. § 2510 (4) (1970). Therefore, even if there were language in c. 119 (see especially 18 U. S. C.

§ 2511 [1970]) which, as the Commonwealth claims, allows the interception of communications without a warrant, the clear fact is that c. 119 does not concern the operation of a pen register because a pen register does not involve "the *aural* acquisition of the contents of any wire or oral communication" (emphasis supplied). Because c. 119 is unambiguous on this point, there is no need to resort for guidance in its interpretation to its legislative history, upon which the Commonwealth relies to argue that Congress clearly intended to allow the disclosure of the results of the operation of a pen register even if no warrant is obtained.[4]

The Commonwealth argues that under § 605 the disclosure of information gathered by a pen register is proper, even if a warrant is not obtained, at least as to the disclosure of information concerning telephone calls to an intended recipient who consents to the use of the pen register. The Commonwealth cites three cases in which it has been held that consent to the use of a pen register by the recipient of the telephone calls permits the disclosure of the results of the recordation at least as to calls between the telephone of the defendant and the telephone of the consenting party. *People* v. *Green,* 63 Misc. 2d (N. Y.) 435. *Carswell* v. *Southwestern Bell*

---

[4] The legislative history of the 1968 amendment makes it clear that c. 119 was not intended to apply to pen registers. In discussing the definition of "intercept" which now appears in 18 U. S. C. § 2510 (4), the Report of the Senate Committee on the Judiciary states: "Paragraph (4) defines 'intercept' to include the aural acquisition of the contents of any wire or oral communication by any electronic, mechanical, or other device. Other forms of surveillance are not within the proposed legislation. . . . The proposed legislation is not designed to prevent the tracing of phone calls. The use of a 'pen register', for example, would be permissible. But see *United States* v. *Dote,* 371 F. 2d 176 (7th 1966)." Senate Report No. 1097, 90th Congress 2d Session (1968) p. 90. U. S. Code Cong. & Adm. News 1968, p. 2112 at p. 2178. See *United States* v. *Focarile,* 340 F. Supp. 1033, 1039 (D. Md.). The reference to the *Dote* case in the Senate Report is obscure. Clearly newly inserted c. 119 (18 U. S. C. §§ 2510–2520 [1970]) has nothing to do with pen register devices. Therefore, the addition of c. 119 by itself did nothing to change the result of the *Dote* case which held that under § 605 (before the 1968 amendment) the disclosure of the results of the operation of a pen register was a violation of that portion of § 605 which then prohibited the interception and disclosure of any communication without authority of the sender.

*Tel. Co.* 449 S. W. 2d 805 (Tex. Civ. App.). *Harmon* v.
*Commonwealth,* 209 Va. 574. Each of these cases relied
on *Rathbun* v. *United States,* 355 U. S. 107, which held
that § 605 was not violated when two police officers with
the consent of the recipient of a telephone call listened in
on an extension telephone to a threatening telephone call.
The *Rathbun* case was concerned with the second clause
in § 605 which, prior to the 1968 amendment, read in
part as follows: "[N]o person not being authorized by
the sender shall intercept any communication and divulge
or publish the existence, contents, substance, purport,
effect, or meaning of such intercepted communication to
any person." In the *Rathbun* case the court held that the
use of the extension telephone did not constitute an "in-
terception" as that word was used in the second clause of
§ 605. After the 1968 amendment comparable language
in § 605 relates only to "any *radio* communication" (em-
phasis supplied).[5] The *Rathbun* case and each of the
three State cases cited above were concerned with the
second clause of § 605 before its amendment, and none of
them was concerned with the application of the first sen-
tence of § 605 as amended in 1968.[6] The first sentence
of § 605, as amended in 1968, does not deal with the
question of the consent of the recipient of the annoying
telephone calls to the use of a pen register. That sen-
tence concerns the disclosure of the "existence, contents,
substance, purport, effect, or meaning" of "any . . .
communication by wire or radio," and permits such a
disclosure only on certain stated exceptions, none of
which is applicable on the record before us.

We are thus led to the conclusion that the defendant's
motion to suppress should have been allowed and that the

---

[5] The second sentence of § 605 (which is comparable to the second
clause of § 605 before the 1968 amendment) relates only to intercep-
tions of radio communications. The use of a pen register does not
involve the interception of any radio communication. Thus, the *use*
of a pen register is not now barred, just as the Senate Report states
(p. 90).

[6] Of these four cases only the events in *People* v. *Green* occurred
after the effectiveness of the 1968 amendment to § 605, and the court
there takes no note of the statutory change.

defendant's exception to the denial of his motion to suppress must be sustained.   A warrant should have been obtained before the information developed by the pen register was disclosed and, if it had been, the evidence produced by the operation of the pen register would have been admissible because the first sentence of § 605 allows the disclosure of the existence of a communication "on demand of . . . lawful authority."   See *United States* v. *Caplan*, 255 F. Supp. 805, 808 (E. D. Mich.) ; *United States* v. *King*, 335 F. Supp. 523, 549 (S. D. Cal.) ; *United States* v. *Focarile*, 340 F. Supp. 1033, 1038–1039 (D. Md.).

If Congress wishes to authorize the disclosure of the results of the operation of a pen register where no warrant has been obtained (thus making statutes like G. L. c. 272, § 99 D 1 a, operable in this respect), § 605 could be amended to do so.   Such an amendment will not, of course, bar a defendant from asserting in the circumstances of his case that the operation of the pen register amounted to an illegal search in violation of the Fourth Amendment of the United States Constitution as made applicable to the States through the Fourteenth Amendment.

*Exceptions sustained.*