John T. MARTIN, Plaintiff, Appellant,

v.

Rudolph H. DeSILVA et al.,
Defendants, Appellees.

No. 77-1338.

United States Court of Appeals,
First Circuit.

Argued Nov. 8, 1977.

Decided Dec. 19, 1977.

Ralph C. Copeland, Wellesley, Mass., with whom Baldwin, Copeland & Hession, Wellesley, Mass., was on brief, for plaintiff, appellant.

John M. Harrington, Jr., Boston, Mass., with whom Thomas B. Wheatley and Ropes & Gray, Boston, Mass., were on brief, for New England Tel. & Tel. Co., defendant, appellee.

Before ALDRICH and CAMPBELL, Circuit Judges, JULIAN, District Judge.*

LEVIN H. CAMPBELL, Circuit Judge.

Martin appeals from a portion of an order dismissing his invasion of privacy suit against defendant New England Telephone & Telegraph Co.[1] He does not contest the ruling that he has no federal cause of action against this defendant, but argues that the district court misinterpreted state law in denying his state statutory and common law claims.[2] We affirm the judgment of the district court in all respects.

After receiving complaints from Rudolph DeSilva about harassing and threatening telephone calls received at his home, the defendant installed, with DeSilva's permission, a line identification device on his telephone.[3] The device enabled the defendant to determine that one subsequent threatening call came from plaintiff's telephone, and the police were notified. Plaintiff then was prosecuted under the Massachusetts harassing phone call statute, Mass.Gen. Laws ch.

---

* Of the District of Massachusetts, sitting by designation.

1. Libel, slander, and malicious prosecution actions against defendants Rudolph DeSilva and Thompson Newspaper Publishing Co., Inc., were remanded to the state court in which this suit originally was brought following a determination by the district court that it lacked jurisdiction to hear them.

2. Plaintiff's claim that the telephone company violated 18 U.S.C. §§ 2510 et seq. was dismissed for lack of standing, and his claim under 47 U.S.C. § 605 was held to be time barred.

3. The device involved here enables the recipient of a call to keep open the circuit between the two phones by leaving his own phone off the hook. The telephone company can then trace the circuit to determine the origin of the call. This process is to be distinguished from a pen register device which records the numbers dialled from a targeted phone. A pen register ordinarily is connected without the knowledge of the calling party; in this case, by contrast, the called party requested the use of the line identification device.

269, § 14A, but was acquitted after a bench trial because of the inability of the state to prove he was the person making the offending call. This suit, charging that the disclosure of that call invaded plaintiff's privacy, followed.

Plaintiff contends that the Massachusetts wiretap statute, Mass.Gen. Laws ch. 272, § 99, gives him a cause of action against the telephone company for its disclosure of the fact his telephone had been used to make a threatening call to DeSilva. Although that statute contains an exception, § 99.D.1.a, permitting the telephone company to intercept communications when necessary to prevent unlawful harassing phone calls, plaintiff argues that the Massachusetts Supreme Judicial Court held this exception to be invalid in *Commonwealth v. Coviello,* 362 Mass. 722, 291 N.E.2d 416 (1973). However, plaintiff misreads that decision. *Coviello* held only that, while it was undisputed that § 99.D.1.a permitted the use of a pen register, *see* note 3, to check on certain harassing calls from a suspect source, § 605 of the Federal Communications Act of 1934, 47 U.S.C. § 605, required suppression in a criminal trial of information so obtained when a warrant had not been secured. It now appears that the Massachusetts court was incorrect in its interpretation of federal law as applied to pen registers: there is no federal bar to the use of pen registers without a warrant.[4] But even on that mistaken premise, *Coviello* nowhere held that § 99.-D.1.a was to be treated within the contours of state law as a void or generally invalid enactment. The district court properly held that in the present circumstances the § 99.D.1.a exception rules out any cause of action against the telephone company founded upon the Massachusetts wiretap statute

The plaintiff's assertion that, regardless of the statutory issue, the common law of Massachusetts would permit him to recover here for the alleged invasion of his privacy, also is meritless. Before the enactment of the Massachusetts Privacy Statute, Mass. Gen. Laws ch. 214, § 1B, which took effect after the conduct in question here, the Supreme Judicial Court had never authorized the recovery of damages for an invasion of privacy tort.[5] The district court was on solid ground when it reasoned that the state courts would not be likely to treat as tortious conduct that the legislature expressly had authorized in § 99.D.1.a.

*Affirmed.*

---

4. *Coviello* was one of the first cases to deal with the applicability of § 605 to pen registers since its amendment in 1968. Since that time it has been held, first by the circuit courts and most recently by the Supreme Court, that neither § 605 nor other provisions of federal law require a judicial warrant as a prerequisite to use of a pen register in a criminal investigation. *See United States v. New York Telephone Co.,* —— U.S. ——, ——, & n.13, 98 S.Ct. 364, 368–370, 54 L.Ed.2d 376 (1977).

5. *Commonwealth v. Wiseman,* 356 Mass. 251, 249 N.E.2d 610, *cert. denied,* 398 U.S. 960, 90 S.Ct. 2165, 26 L.Ed.2d 546 (1969), which plaintiff claims "fully recognized" a common law right to privacy in Massachusetts, expressly refrained from deciding the question of tort liability and instead permitted only equitable relief.