374 Mass. 569 (1978)
373 N.E.2d 960
NEW ENGLAND TELEPHONE AND TELEGRAPH COMPANY
vs.
DISTRICT ATTORNEY FOR THE NORFOLK DISTRICT.
Supreme Judicial Court of Massachusetts, Suffolk.
January 5, 1978.
March 3, 1978.
Present: HENNESSEY, C.J., QUIRICO, BRAUCHER, KAPLAN, & ABRAMS, JJ.
John M. Harrington, Jr. (Thomas B. Wheatley with him) for the plaintiff.
Matthew T. Connolly, Assistant District Attorney, for the defendant.
*570 Francis X. Bellotti, Attorney General, Stephen R. Delinsky & Barbara A.H. Smith, Assistant Attorneys General, for the Commonwealth, amicus curiae, submitted a brief.
BRAUCHER, J.
The question presented is whether a judge of the Superior Court has authority to order the plaintiff telephone company to provide technical assistance, including "lease lines," to law enforcement officers to effectuate a wiretap pursuant to a warrant issued under G.L.c. 272, § 99. We hold that the judge does have such authority, and order a judgment so declaring. We follow in substance the reasoning of the Supreme Court of the United States in United States v. New York Tel. Co., 434 U.S. 159 (1977).
The plaintiff filed its complaint in the Supreme Judicial Court for the county of Suffolk seeking a declaratory judgment, and a single justice of this court reported the case to the full court without decision on the pleadings and a statement of agreed facts. We summarize the agreed facts.
Pursuant to G.L.c. 272, § 99, a judge of the Superior Court issued wiretap warrants on March 21, March 31, and April 5, 1977, on applications by an assistant district attorney specially designated by the defendant. Each warrant included an order that the plaintiff "upon request of the applicant, provide whatever technical assistance is necessary. Said assistance shall include, but not be limited to, ... the installation of lease lines, the final connection to be within the responsibility of the applicant." The plaintiff furnished cable, pairing, and routing information for the telephone numbers identified in each warrant. As a result personnel retained by the applicant effectuated the wiretaps authorized by the first two warrants.
With respect to the April 5 warrant, none of the locations where the telephone lines were physically accessible was such as to permit the applicant to effectuate the authorized wiretap without being detected. The applicant therefore requested the plaintiff to furnish "lease lines" leading to an available covert monitoring location, creating the equivalent of an extension of the line being monitored. Lease lines are ordinarily furnished under tariff to connect locations on *571 customer premises, but are not offered for wiretaps or other purposes.
The plaintiff refused to provide the requested lease lines, and filed a motion to quash so much of the warrant as ordered it to provide technical assistance, including lease lines. After a hearing in camera, the judge denied the motion, saved the plaintiff's exception, and noted that the matter was to be reported by the court or appealed in the form of a bill for declaratory judgment. The plaintiff complied with the order. The applicant has informed the plaintiff that he intends to seek more such orders, and the plaintiff intends to refuse to provide lease lines, contending that the court has no power to order it to provide lease lines.
1. Background. In Berger v. New York, 388 U.S. 41, 58 (1967), and Katz v. United States, 389 U.S. 347, 354-355 (1967), the Supreme Court indicated that electronic surveillance could be authorized by statutes containing "precise and discriminate" requirements. Title III of the Omnibus Crime Control and Safe Streets Act of 1968, 82 Stat. 211, adding 18 U.S.C. §§ 2510-2520 and amending 47 U.S.C. § 605, and the Massachusetts wiretap statute, St. 1968, c. 738, § 1, amending G.L.c. 272, § 99, were enacted to supply such requirements. See Commonwealth v. Vitello, 367 Mass. 224, 242-251 (1975).
In Application of the United States, 427 F.2d 639, 644 (9th Cir.1970), the court held that, in the absence of specific statutory authority, a United States District Court was without power to compel a telephone company to assist in a wiretap conducted pursuant to Title III. A little over two months later, Congress amended Title III to authorize such compulsion. 84 Stat. 654 (1970), amending 18 U.S.C. §§ 2511(2)(a), 2518(4), 2520. That action "was not an acceptance of the Ninth Circuit's view but `more in the nature of an overruling of that opinion.'" United States v. New York Tel. Co., 434 U.S. 159, 177 n. 25 (1977), quoting from United States v. Illinois Bell Tel. Co., 531 F.2d 809, 813 (7th Cir.1976). The Massachusetts statute has not been similarly amended.
*572 2. Pen registers. Since the 1970 amendment to Title III, an analogous problem has been litigated with respect to the installation of "pen registers." A pen register is a mechanical device that records the numbers dialed from a given telephone line. Pen registers are not governed by Title III, since there is no "aural acquisition" of anything. United States v. New York Tel. Co., 434 U.S. 159, 166-167 (1977). Commonwealth v. Vitello, 367 Mass. 224, 278-279 (1975). Commonwealth v. Coviello, 362 Mass. 722, 725-726 (1973). But Federal courts under Fed. R. Crim. P. 41(b) and 57(b) may authorize the installation of pen registers. United States v. New York Tel. Co., 434 U.S. 159, 168-169 (1977).
The question has arisen whether a Federal court may properly order a telephone company to provide the facilities and technical assistance, including lease lines, necessary to employ an authorized pen register unobtrusively. The Supreme Court of the United States has recently answered that question in the affirmative. United States v. New York Tel. Co., 434 U.S. 159, 174-178 (1977). Accord, Michigan Bell Tel. Co. v. United States, 565 F.2d 385 (6th Cir.1977); United States v. Southwestern Bell Tel. Co., 546 F.2d 243 (8th Cir.1976), cert. denied, 434 U.S. 1008 (1978); United States v. Illinois Bell Tel. Co., 531 F.2d 809 (7th Cir.1976). Authority for such orders was found in the All Writs Act, 28 U.S.C. § 1651(a) (1970).
3. The Massachusetts statutes. There is no dispute as to the validity of the warrants here under consideration. They were issued pursuant to G.L.c. 272, § 99, and there is no claim that the statute violates either the Fourth Amendment to the United States Constitution or art. 14 of our Declaration of Rights. The sole question is whether the ancillary order to the telephone company is proper.
Unlike a United States District Court, the Superior Court is a court of general rather than limited jurisdiction and has the inherent powers of a common law court. Commonwealth v. Kemp, 254 Mass. 190, 192 (1926). Implicit in the grant of judicial power is the authority necessary to the exercise of that power. O'Coin's, Inc. v. Treasurer of the *573 County of Worcester, 362 Mass. 507, 510 (1972). That implication is confirmed by G.L.c. 220, § 2,[1] a statute comparable to the Federal All Writs Act. Additional support may be found in G.L.c. 272, § 99 D 1 d, exempting from criminal liability "any person" duly authorized to make specified interceptions, and § 99 Q 3, making good faith reliance on a warrant a "complete defense" to the civil remedy provided against "any person" who intercepts. "Any person" is not limited to law enforcement officers.
4. Compensation. The warrants here in issue did not provide for the payment of compensation to the plaintiff for providing lease lines, and the plaintiff suggests that the omission raises constitutional difficulties. The applicant concedes that compensation should be paid, and asserts that in at least one case a bill for such services was paid. The Attorney General, as a friend of the court, suggests that the better practice is to provide for reimbursement of reasonable expenses, and we think that the usual tariff rate should be paid. We conclude that there is no present controversy between the parties on this point, and we decline to rule on the suggested constitutional issues.
5. Conclusion. The asserted authority is necessary to the successful accomplishment of the purpose of the Legislature. The plaintiff is fully protected against civil and criminal liability. 18 U.S.C. § 2520 (1970). G.L.c. 272, § 99 D 1 d and Q 3. Cf. Martin v. DeSilva, 566 F.2d 360 (1st Cir.1977) (no civil liability for invasion of privacy by line identification device). It is to be compensated for its services; it "probably welcomes its defeat since it will make *574 a normal profit out of compliance with orders of this kind in the future." United States v. New York Tel. Co., 434 U.S. 159, 191 (1977) (Stevens, J., dissenting). The rights of subscribers are protected by the precise and discriminate requirements of the statute, and our holding carries out the aim of the Legislature to conform State law to Federal policy. See Commonwealth v. Vitello, 367 Mass. 224, 230-231 (1975).
We therefore conclude that a judge of the Superior Court has authority to order the plaintiff telephone company to provide technical assistance, including lease lines, to law enforcement officers to effectuate a wiretap pursuant to a warrant issued under G.L.c. 272, § 99, and we order that judgment be entered so declaring.
So ordered.
NOTES
[1] As amended by St. 1953, c. 319, § 25: "The courts of the commonwealth and the justices thereof shall have and exercise all the powers necessary for the performance of their duties. They may issue all writs, warrants and processes and make and award judgments, decrees, orders and injunctions necessary or proper to carry into effect the powers granted to them, and, if no form for such writ or process is prescribed by statute, they shall frame one in conformity with the principles of law and the usual course of proceedings in the courts of the commonwealth."