King, J.
The above named defendants have all been charged with crimes relating to the possession or distribution of controlled substances in violation of G.L.c. 94C §40. They have filed or joined in motions to suppress evidence obtained during electronic surveillance. The defendants allege that the Commonwealth unlawfully disclosed the con^nts of electronic surveillance to the New England Telephone Company (NET), the employer of many of the defendants. They seek an order suppressing any evidence obtained as a result of the electronic surveillance. For the following reasons, the defendants’ motions are DENIED.
FACTS
Based upon the affidavits on file, the court makes the following findings. In the spring of 1991, both NET security and the Newton Police Department learned that controlled substances were being distributed by Thomas Colston from his home at 395 Lexington Street, Newton, MA. Following an extensive police investigation, court authorization to wiretap the home telephone of Thomas Colston was granted on January 6, 1992. On January 29, 1992, the court (Irwin, J.) authorized electronic surveillance on both the home and work phones of Peter Cameron. That Order was renewed on February 14, 1992, and again on February 28,1992. On February 21, 1992, the court authorized electronic surveillance of the home phone of Dina Shuman. That Order was renewed on February 28, 1992. In connection with each of these warrants, tire court issued an order directing NET to provide all assistance necessary to execute the electronic surveillance warrants.
During the course of the ensuing police investigation, NET was contacted on numerous occasions to confirm the identity of NET employees whose conversations were intercepted by electronic surveillance. In addition, the police also contacted NET to confirm the identity of individuals who were observed stopping at the Colston home while operating NET vehicles. Fur *402 ther, several NET employees, who were under investigation, had the technical experience and ability to detect electronic surveillance. As a result, the police worked closely with NET security in order to preserve the integrity of the electronic surveillance.
On March 12, 1992, Sergeant Thomas Quigley of the Massachusetts State Police assigned to the Attorney General’s Office contacted NET. Sergeant Quigley informed NET security that the police had reason to believe that Thomas Colston would purchase controlled substances from Peter Cameron at approximately 9:30 a.m. on March 12, 1992. The police informed NET of their suspicions because they had reason to believe that Thomas Colston would be operating an NET vehicle and they wanted NET security to take possession of the vehicle after Colston was stopped. In fact, Thomas Colston was later stopped in a NET vehicle with drugs in his possession. NET security recovered the vehicle.
On May 26, 1992, NET security personnel attended the arraignment of NET employees, including Thomas Colston, John Cotter, Peter Cameron, James Brown and Joseph Carey. At that hearing, NET security received the Commonwealth’s “Statement of the Case” for all of these defendants outlining the evidence the Commonwealth intended to introduce at trial against each defendant. Based upon this information and other independently obtained information, NET security prepared “Personnel Investigation Reports” for each of the NIST employees implicated in this case, resulting in disciplinary action against the defendants.
DISCUSSION
Pursuant to the Massachusetts Wiretap Statute, a law enforcement officer may disclose, or use, the contents of a wiretap if that officer is acting in the proper performance of his official duties. G.L.c. 272, §99D(2)(a), (b). The defendants allege that the Commonwealth wrongfully disclosed information to NET which was derived from electronic surveillance. They request an evidentiary hearing to pursue this issue further, and ultimately, seek to suppress all evidence as a result of the electronic surveillance.
The situation here can be analogized to a Franks hearing. A Franks hearing is granted, in connection with a motion to suppress, in order to determine whether the statements made in a search warrant application affidavit are truthful. To be entitled to a Franks evidentiary hearing, a defendant must make a substantial preliminary showing that an affidavit contains intentionally false or recklessly untrue statements which are material to a finding of probable cause. See Franks v. Delaware, 438 U.S. 154, 171 (1978).
Likewise, in this case the defendants should be required to make a preliminary showing of a wrongful disclosure before being granted an evidentiary hearing. Here, the defendants have failed to make any showing that the Commonwealth wrongfully disclosed information to NET. To the contrary, the facts in the NET “Personnel Investigation Reports” are facts unrelated to electronic surveillance, facts revealed in public documents made available to NET, and facts provided to NETin or der to facilitate the ongoing police investigation. As to this lastpoint, the security division of NET was contacted on several occasions in order to confirm the identity of NET employees whose conversations were intercepted by electronic surveillance. It is permissible for the police to disclose conversations to a third party in order to obtain avoice identification. United States v. Rabstein, 554 F.2d 190, 193 (5th Cir. 1977). NET was contacted on other occasions in order to confirm the identity of individuals who were observed stopping at the Colston home while operating NET vehicles. On another occasion, NET was directed to pick up the NET vehicle of Thomas Colston who had been stopped, searched, and found in possession of controlled substances. Further, NET security was consulted on several occasions because the subjects under investigation had the technical experience and ability to detect electronic surveillance. The Massachusetts Wiretap Statute allows for the issuing magistrate to order the appropriate communications carrier to provide assistance to law enforcement in implementing and conducting electronic surveillance. New England Telephone & Telegraph Co. v. District Attorney for Norfolk District, 374 Mass. 569, 574 (1978). The police only disclosed information to NET in order to facilitate the ongoing investigation. Such disclosure is lawful pursuant to G.L.c. 272 §99(D). Because the defendants have failed to make even a preliminary showing of wrongful disclosure, the defendants request for an eviden-tiaiy hearing is denied.
Moreover, even if the court agreed that the Commonwealth had unlawfully disclosed information to NET, the suppression of evidence would not be the appropriate remedy. General Laws c. 272, §99(P) explicitly sets forth the circumstances under which a defendant can move to suppress evidence derived from electronic surveillance. The wrongful disclosure of information by the police to a third party is not listed as one of the circumstances which warrants suppression. Rather, pursuant to G.L.c. 272, §99(Q), improper disclosure is listed as an appropriate basis for civil recovery. See Patriarca v. Federal Bureau of Investigation, 639 F.Supp. 1193 (D.R.I. 1986).
ORDER
For the reasons stated above, it is hereby ORDERED that the defendants’joint motion to suppress electronic surveillance due to improper disclosure is DENIED.